UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KORI DAVIS,

Plaintiff,

-against-

NATIONAL ORGANIZATION OF LEGAL SERVICES WORKERS, UAW LOCAL 2320; PEN AMERICA CENTER, INC.,

Defendants.

26-CV-9975 (VSB)

**ORDER OF SERVICE**

VERNON S. BRODERICK, United States District Judge:

Plaintiff Kori Davis, who is appearing *pro se*, brings this action asserting a hybrid claim under the National Labor Relations Act ("NLRA") and the Labor Management Relations Act ("LMRA"). He alleges that his employer breached the relevant collective bargaining agreement ("CBA") and initiated disciplinary proceedings against him, and during those proceedings, his union neglected to submit a timely demand for arbitration, thereby forfeiting his rights under the CBA and resulting in his termination. Plaintiff names as Defendants: (1) the National Organization of Legal Services Workers, UAW Local 2320, his former union; and (2) PEN America Center, Inc., his former employer. He seeks monetary, declaratory, and injunctive relief.

By order dated November 16, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. As explained below, the Court directs service on Defendants.

## DISCUSSION

Plaintiff has been granted permission to proceed IFP and therefore may rely on the assistance of the court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue a summons for each Defendant and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date each summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff also must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date each summons in this action is issued.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Plaintiff may receive court documents by email by completing the form, Consent to Electronic Service, available at https://nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf.[2]

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: November 18, 2026
New York, New York

VERNON S. BRODERICK
United States District Judge

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. National Organization of Legal Services Workers, UAW Local 2320
   256 West 38th Street, 2nd Floor
   New York, NY 10018

2. PEN America Center, Inc.
   120 Broadway, 26th Floor North
   New York, NY 10271